Roberson Castor

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, and costs brought by Plaintiff Roberson Castor ("Plaintiff") against Defendant Experian Information Solutions, Inc. ("Experian"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. Experian has violated the FCRA by (a) reporting inaccurate and materially misleading information on Plaintiff's consumer report, and (b) failing to conduct a reasonable reinvestigation of Plaintiff's timely dispute as required by law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district, and Plaintiff resides in this district.

## PARTIES

5. Plaintiff Roberson Castor is a natural person residing in Hyde Park, Massachusetts, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a corporation organized under the laws of Ohio with its principal place of business at 475 Anton Blvd., Costa Mesa, CA 92626. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and regularly assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

### A. The Capital One Account – Charge-Off Reporting With Highest Balance Exceeding Credit Limit

7. Plaintiff's Experian consumer report, generated on or about November 3, 2025 ("Report"), reflects a Capital One credit card account (Account No. ending 400344XXXXXX) ("Capital One Account 1") with a stated Credit Limit of $5,000 and a reported Highest Balance of $5,903.

8. The Highest Balance of $5,903 exceeds the stated Credit Limit of $5,000 by $903.

9. At no time did Plaintiff incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents Plaintiff's actual account history and presents a materially misleading picture of Plaintiff's creditworthiness to prospective creditors reviewing the report.

10. The account is reported as a Charge-Off with a current balance of $6,075 and $6,075 past due as of October 2025, which is inconsistent with the stated original credit limit and presents an inaccurate and misleading picture of the account.

### B. The Capital One Account – Second Account

11. Plaintiff's Report also reflects a second Capital One credit card account (Account No. ending 517805XXXXXX) ("Capital One Account 2") with a stated Credit Limit of $4,500 and a reported Highest Balance of $5,288.

12. The Highest Balance of $5,288 exceeds the stated Credit Limit of $4,500 by $788. At no time did Plaintiff incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents Plaintiff's actual account history and presents a materially misleading picture of Plaintiff's creditworthiness to prospective creditors reviewing the report.

13. The account is reported as Charged Off with a current and past-due balance of $5,288 as of October 2025.

### C. The JPMCB Card Account

14. Plaintiff's Report reflects a JPMorgan Chase Bank (JPMCB) credit card account (Account No. ending 426684XXXXXX) ("JPMCB Account") with a stated Credit Limit of $4,800 and a reported Highest Balance of $5,838.

15. The Highest Balance of $5,838 exceeds the stated Credit Limit of $4,800 by $1,038.

16. At no time did Plaintiff incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents Plaintiff's actual account history and presents a materially misleading picture of Plaintiff's creditworthiness to prospective creditors reviewing the report.

17. The account is reported as Charged Off with a current and past-due balance of $5,838 as of October 2025.

**D. The SYNCB/PPC Account**

18. Upon information and belief, Plaintiff's Experian consumer report includes a Synchrony Bank / PayPal Credit (SYNCB/PPC) account ("SYNCB Account").

19. The SYNCB Account, as reported by Experian, reflects a Highest Balance that exceeds its stated Credit Limit. This reporting of a Highest Balance exceeding the Credit Limit has the same materially misleading effect on creditworthiness assessments as described above for the Capital One accounts: it suggests to prospective creditors that Plaintiff has a pattern of exceeding credit limits, when in fact no overlimit charges were authorized by Plaintiff.

20. Additionally, the SYNCB Account tradeline contains a blank or missing Recent Payment field, rendering the tradeline incomplete and preventing a prospective creditor from accurately assessing Plaintiff's current repayment behavior.

21. Experian's continued reporting of the 30-day late notation for September 2025 on the SYNCB Account, without accurate surrounding payment context and with an incomplete payment history field, further reduces the accuracy of the tradeline and presents a materially misleading picture of Plaintiff's creditworthiness in violation of 15 U.S.C. § 1681e(b).

**E. The Sterling Jewelers Collection Account**

22. Plaintiff's Report reflects a collection account from Sterling Jewelers Inc. ("Sterling Account") with an account type listed as "Debt Buyer," a reported balance of $1,159, and a Date Opened of August 15, 2023.

23. The Sterling Account tradeline contains no contact address or phone number for the collection agency, impairing Plaintiff's ability to investigate, dispute, or validate the debt, in violation of Experian's duty to report complete and accurate information under 15 U.S.C. § 1681e(b).

**F. Plaintiff's Pre-Suit Dispute and Experian's Failure to Reinvestigate**

24. On or about December 2025, approximately three to four months prior to the filing of this Complaint, Plaintiff sent a written dispute letter to Experian via certified U.S. mail, identifying the specific inaccuracies described herein, including but not limited to: (a) the Highest Balance figures exceeding the Credit Limits on the Capital One Account 1, Capital One Account 2, and JPMCB Account tradelines; (b) the incomplete and inaccurate SYNCB Account tradeline, including the missing Recent Payment field and the decontextualized 30-day late notation; and (c) the incomplete Sterling Jewelers collection tradeline lacking contact information.

25. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), upon receipt of Plaintiff's dispute, Experian was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate, and to record the current status of the disputed information or delete it, within thirty (30) days of receiving the dispute.

26. Experian failed to correct, update, or delete the inaccurate and incomplete information described herein. To the extent Experian conducted any reinvestigation, such reinvestigation was not "reasonable" within the meaning of 15 U.S.C. § 1681i, because the inaccuracies identified by Plaintiff remain reflected on Plaintiff's Experian consumer report to date.

27. Experian's failure to conduct a reasonable reinvestigation and to correct or delete the disputed inaccurate information constitutes a separate and independent violation of 15 U.S.C. § 1681i(a).

**G. Experian's Systemic Inaccuracy and Knowledge**

28. On January 7, 2025, the Consumer Financial Protection Bureau ("CFPB") filed suit against

Experian in the United States District Court for the Central District of California, Case No. 8:25-cv-00024, alleging, inter alia, that Experian: (a) fails to conduct reasonable reinvestigations; (b) uncritically accepts furnisher responses to consumer disputes; and (c) fails to notify consumers of reinvestigation results. See Consumer Financial Protection Bureau v. Experian Information Solutions, Inc., Case No. 8:25-cv-00024 (C.D. Cal., filed Jan. 7, 2025).

29. The CFPB action confirms that Experian's failures as described herein are not isolated incidents but reflect systemic deficiencies in Experian's dispute-handling and accuracy-assurance procedures, rendering Experian's violations willful within the meaning of 15 U.S.C. § 1681n, as construed in Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007) (holding that willfulness under the FCRA encompasses not only knowing violations but also "reckless disregard" of a consumer's rights).

### H. Damages

30. As a direct and proximate result of Experian's violations of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including but not limited to: damage to Plaintiff's credit reputation; denial of and/or inability to obtain credit on favorable terms; mental anguish, stress, and emotional distress; loss of sleep; and expenditure of time and resources in attempting to correct the inaccuracies on Plaintiff's credit report. Specifically, as a result of the inaccurate information Experian has disseminated in Plaintiff's consumer reports, Plaintiff has been unable to qualify for credit on favorable terms, has suffered damage to reputation with prospective creditors, and has experienced ongoing emotional distress and loss of sleep.

# COUNT I

## Violation of 15 U.S.C. § 1681e(b)

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

31. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

32. Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer report, including by:

(a) Reporting Highest Balance figures that exceed the stated Credit Limits for Capital One Account 1, Capital One Account 2, and the JPMCB Account, creating a materially misleading impression that Plaintiff has a history of exceeding credit limits;

(b) Reporting the SYNCB Account with an incomplete Recent Payment field and a decontextualized 30-day late notation for September 2025 without accurate surrounding payment history;

(c) Reporting the Sterling Jewelers collection account without a creditor contact address or phone number, rendering the tradeline incomplete.

33. Experian's violations were willful and/or negligent.

34. As a result of Experian's violations, Plaintiff has suffered actual damages as described herein.

35. Plaintiff is entitled to actual damages, statutory damages of up to $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## COUNT II
### Violation of 15 U.S.C. § 1681i
#### Failure to Conduct a Reasonable Reinvestigation

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), when a consumer disputes the completeness or accuracy of any item in a consumer report, the consumer reporting agency must conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, and record the current status of the disputed information, or delete it from the consumer's file, within thirty (30) days of receiving the dispute.

38. As alleged in Section F above, Plaintiff timely disputed the inaccuracies on Plaintiff's Experian consumer report via certified mail on or about December 2024 – January 2025, identifying specifically: (a) the Highest Balance exceeding Credit Limit inaccuracies on the Capital One Account 1, Capital One Account 2, and JPMCB Account tradelines; (b) the incomplete and inaccurate SYNCB Account tradeline including the missing Recent Payment field and the 30-day late notation for September 2025; and (c) the incomplete Sterling Jewelers collection tradeline.

39. Experian failed to conduct a reasonable reinvestigation of Plaintiff's dispute within thirty (30) days, failed to correct or delete the inaccurate information identified by Plaintiff, and/or failed to respond adequately to Plaintiff's dispute.

40. Experian's failure to conduct a reasonable reinvestigation constitutes a violation of 15 U.S.C. § 1681i(a)(1)(A).

41. Experian's violations were willful and/or negligent, as evidenced by the systemic dispute-handling failures identified in the CFPB action described above.

42. As a result of Experian's violations, Plaintiff has suffered actual damages as described herein.

43. Plaintiff is entitled to actual damages, statutory damages of up to $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Roberson Castor respectfully requests that this Court enter judgment against Defendant Experian Information Solutions, Inc. and grant the following relief:

1. Award Plaintiff actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

2. Award Plaintiff statutory damages of up to $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

3. Award Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for Experian's willful violations;

4. Award Plaintiff reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

5. Grant such other and further relief as the Court deems just and proper.

DATED: April 13, 2026


Respectfully submitted,




_____

Roberson Castor

55 Oak St. #1

Hyde Park, MA 02136

Roberson.castor@gmail.com

Pro Se Plaintiff


## **EXHIBITS**

Exhibit A: Plaintiff's Experian Consumer Report dated November 3, 2025

Exhibit B: Plaintiff's Written Dispute to Experian (sent via Certified Mail, on or about December 2025)

Exhibit C: Certified Mail Receipt / Tracking Confirmation

Exhibit D: Experian's Response to Dispute (if received), or notation that no adequate response was received